## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARVEY C.[1]

               **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL**
**SECURITY, Andrew Saul,**         **Case No. 3:21-CV-01282-NJR**

               **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss for Lack of Prosecution filed by Defendant Commissioner of Social Security ("the Commissioner"). (Doc. 27). On March 25, 2022, the Commissioner filed a Motion for More Definite Statement due to the vague nature of Plaintiff Harvey C.'s complaint, and because it was unclear which Social Security Administration ("SSA") decision Plaintiff wished to challenge. (Doc. 20). The Court ordered Plaintiff to file an amended complaint to cure these deficiencies. (Doc. 22). Plaintiff was cautioned that his failure to comply with the Court's order would result in dismissal of this action. (*Id.*). Instead of amending his complaint, Plaintiff opted to file a response refusing to comply with the order because, in his view, the order was "frivolous and ha[d] no merit and it [was] a bunch of hog whash [sic]." (Doc. 23).

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See FED. R. CIV. P. 5.2(c) and the Advisory Committee Notes thereto.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.* Here, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court orders, especially when he blatantly expressed his refusal to do so in multiple filings.

The Court finds that Plaintiff has failed to comply with its order to amend his complaint and to further prosecute this matter. Moreover, by refusing to cure the deficiencies in his complaint, the case cannot move forward as it remains unclear which SSA decision Plaintiff wishes to challenge. Consequently, the Court **GRANTS** the Commissioner's Motion to Dismiss for Lack of Prosecution (Doc. 27), and this matter is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see also Ball v. City of Chicago,* 2 F.3d 752, 755-58 (7th Cir. 1993).

Furthermore, Plaintiff filed a motion to remove all parties from this case, which is also pending before the Court. (Doc. 29). In the motion, Plaintiff states that he wants all parties removed from the case because "they have all violated [his] civil rights under the due process of law." As outlined above, this case is dismissed for lack of prosecution. As such, Plaintiff's motion (Doc. 29) is **DENIED as moot.**

The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

<u>NOTICE</u>

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within sixty (60) days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *McCarty v. Astrue,* 528 F.3d 541, 544-46 (7th Cir. 2008) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reasons that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.").

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. As Plaintiff was permitted to proceed *in forma pauperis* ("IFP") at the beginning of this proceeding (Doc. 10), he may proceed on appeal IFP without further authorization, unless this Court certifies that the appeal is not taken in good faith or finds that Plaintiff is not otherwise entitled to proceed IFP and states its reasons in writing. FED. R. APP. P. 24(a)(3).

**IT IS SO ORDERED.**

**DATED:   January 11, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**