**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

HARVEY C.,[1]
              **Plaintiff,**

v.

COMMISSIONER OF SOCIAL
SECURITY, Frank J. Bisignano,[2]

              **Defendant.**

**Case No. 3:21-CV-01282-NJR**

<u>**MEMORANDUM AND ORDER**</u>

**ROSENSTENGEL, District Judge:**

This matter is before the Court on *pro se* Plaintiff Harvey C.'s motion to reopen this case. (Doc. 43). Plaintiff's action was dismissed with prejudice for lack of prosecution and closed on January 11, 2023 (Docs. 30, 31), and Plaintiff's appeal was dismissed on October 27, 2023. (Doc. 39-1). A previous motion filed by Plaintiff seeking to reopen this long-since closed matter (Doc. 40) was denied on March 11, 2025, and Plaintiff was "warned against submitting similar motions" (Doc. 41). Despite that warning, Plaintiff is once again attempting to resurrect this case. As set forth below, Plaintiff's motion is denied as frivolous, and Plaintiff is warned that submission of similar motions in the future will be met with sanctions.

The Court begins by recounting the procedural history of this case, which originated in the Southern District of Alabama. (*See* Doc. 6). That court believed Plaintiff was "seek[ing] judicial review of a decision" by Defendant Commissioner of Social Security "concerning the

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See FED. R. CIV. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] Frank J. Bisignano is the current Commissioner of Social Security. *See* FED. R. CIV. P. 25(d).

amount of back pay awarded to his deceased brother." *Id.* at 2. On October 18, 2021, Chief Judge Jeffrey U. Beaverstock adopted the report and recommendation of Magistrate Judge Bradley Murray. (Doc. 7). Judge Murray had recommended that the case be transferred to this Court based on Plaintiff's residence and the former residence of Plaintiff's deceased brother. (Doc. 6, at 2). He wrote the action "ha[d] no connection to the state of Alabama" and that Plaintiff had affirmatively claimed to be filing in Alabama "[b]ecause [he] can not win in" Illinois. *Id.* at 1–2 (alterations in original) (quoting Doc. 3).

After the matter was transferred to this District, the Commissioner moved for a more definite statement on March 25, 2022, arguing that Plaintiff's complaint was too vague to permit a response. (Doc. 20). Specifically, the complaint did not specify an administrative decision for which Plaintiff was seeking review, why he believed his brother was underpaid benefits, or why Plaintiff rather than anyone else would be entitled to receive the proceeds from such underpayment. *Id.*

Plaintiff filed a response (Doc. 21), which the Court found to be unilluminating (Doc. 22). He characterized his lawsuit not as seeking review of an administrative decision, but as a wrongful death suit. (Doc. 21). He claimed that, if the Social Security Administration (SSA) had paid his brother the correct benefits amounts, Plaintiff's brother would still be alive.[3] *Id.* Given the confusion, the Court granted the motion and directed Plaintiff to address

---

[3] The story, as relayed by Plaintiff's response, is actually quite complex. It appears Plaintiff believes his brother was owed $1,400 per month for being blind, but SSA refused to pay him that money. (Doc. 21). When his brother went to federal court, the court was allegedly solicitous; it ruled that SSA "owed him money a lot of money." *Id.* at 1. In fact, it was too much money, said Plaintiff: he claims SSA "tried to give him 10,000,000 dollars in back pay," which Plaintiff says led to his brother (and his nephew, who here enters the story) ending up in "dope alley" where he was "murde[re]d over dope and money." *Id.* He then claims that "drug dealing snitches" murdered his brother and nephew, who were found "shot up with 3.1 of fentanyl," and the hospital, police, and morgue were all involved in a cover-up, and he bought his nephew's truck back from the man who had ordered a hit on them, and so on. *Id.* at 1–2. The two densely-written pages conclude with "and that is why I am holding Social Security on a wrongful death lawsuit on both of them because if my brother had his money they would

the Commissioner's concerns in an amended complaint by July 19, 2022. *Id.* Plaintiff was warned that a failure to do so would result in the dismissal of his action. *Id.*

Instead of amending his complaint, Plaintiff opted to file a "response" to this Court's order. (Doc. 23). He announced he was refusing to comply with the order because, in his view, the order was "frivolous and ha[d] no merit and it [was] a bunch of hog whash [sic]." *Id.* (Doc. 23). He further referred to the undersigned as "a blooming idiot" and declared he would "not answer anything she send's [sic] to the court anymore" as he would "only answer to her lawyer." *Id.* He asked that he be given a replacement judge, lest he ask the Department of Justice to open an investigation into this Court's actions and into the Commissioner of Social Security. *Id.* He also filed a letter and a notice in the subsequent months, neither of which complied with this Court's order or attempted to move his case forward. (Docs. 24, 25).

The July 19 deadline came and went, but no amended complaint was filed. On December 21, 2022, the Commissioner filed a motion to dismiss for lack of prosecution. (Doc. 27). Plaintiff did not file a response; instead he filed a motion asking for every party involved in the case to be "removed." (Doc. 29). He once again stated he was "tired of all this hog wash from the court" and that he "must remind the court that the FBI is looking at all this and so is the U[nited] S[tates] Court of Appeal[s] in Atlanta, [Georgia], and a lot of powerful people in high places are watching happen[s] here." *Id.*

Notwithstanding Plaintiff's reminder, this Court granted the motion to dismiss. (Doc. 30). Though this Court was (and remains) "mindful of the difficulties [Plaintiff] faces

---

still be alive. And I am suing in the amount of 4 million dollar[s] for this." *Id.* at 2. While the Court is sympathetic to Plaintiff's loss, one can see why this account did little to explain why he should not have been required to file an amended complaint.

in" proceeding *pro se*, it stated that those difficulties did "not excuse him from complying with Court orders, especially when he blatantly expressed his refusal to do so in multiple filings." *Id.* It found that the willful noncompliance and failure to cure the deficiencies of his complaint warranted a dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.[4] *Id.* The case was closed and judgment was entered. (Doc. 31).

Although the order dismissing the case informed Plaintiff that he would need to file a notice of appeal within 60 days if he wished for the Court's decision to be reviewed (Doc. 30), he did not do so until more than eight months later (Doc. 32). Accordingly, his appeal was dismissed for lack of jurisdiction on October 27, 2023. (Doc. 39-1).

On March 10, 2025—more than a year later—Plaintiff filed a document he entitled "Motion to Reinstate." (Doc. 40). The single paragraph in the "motion," however, did not explain his request. Rather, the entirety of the motion focused on accusing the undersigned of "us[ing] her position to cover up the theft of Social Security money" and promising he would be filing charges. *Id.* He concluded with the remark "like the judge said to Social Security that she was on a down hill slide and about to fall off a cliff well I say the same thing to Judge Rosenstengel."[5] *Id.* Construing it as a request to reopen the case, the Court denied the motion and warned Plaintiff "against submitting similar motions as the case is closed and has been for years." (Doc. 41).

Another year passed with no further filings. Then, on May 15, 2026, Plaintiff filed on the docket a copy of an April 30, 2026 order from the Southern District of Alabama in Case

---

[4] The Court also denied Plaintiff's motion for removal of all parties from the case as moot. (Doc. 30).
[5] The Court is unaware of the event Plaintiff appears to reference.

No. 1:98-cv-00602-JB-MU.[6] (Doc. 42). In that order, Chief Judge Beaverstock denied a motion by Plaintiff to reopen a case which had been closed since April 2, 1999—27 years prior. *Id.* Chief Judge Beaverstock noted that the decision there at issue had ultimately been resolved in a 2002 decision by an Administrative Law Judge (ALJ) in East St. Louis, Illinois (i.e., within this District). *Id.* Accordingly, Chief Judge Beaverstock directed Plaintiff to "explore this avenue before filing another motion to reopen/reinstate in the Court [for the Southern District of Alabama] and specifically satisfy this Court that it is the sole Court that could or still can exercise jurisdiction." *Id.* Plaintiff did not attach a motion or any commentary to his filing.

Now Plaintiff has filed the instant motion seeking the reopening of this case. (Doc. 43). In addition to an apparently random selection of pages from previous administrative and judicial proceedings (including a second copy of the April 30, 2026 order from Chief Judge Beaverstock), *id.* at 1–5, 7–9, Plaintiff's motion includes two separately captioned requests to reopen the case, *id.* at 6, 10.

In the first request, Plaintiff asks this Court to reopen the case and "put [it] back to" Magistrate Judge Bradley Murray in the Southern District of Alabama. *Id.* at 6. He complains that this Court "had no right to take this case away from" Judge Murray "because until this case is siad [sic] and done he remain[s] on this case." He claims he will prove "this case" was given in 2001 to an ALJ in Missouri, not Illinois. According to Plaintiff, this case is supposed to be sent back to Judge Murray "for him to make the final finding[s] of this case" because the Alabama court "never lost jurisdiction and this case was never closed so I don't know

---

[6] The filing also contained an unsigned and undated order, seemingly from the same docket, which (as far as this Court can discern) was never entered. (Doc. 42, at 4).

who played this game but they lost." *Id.*

Plaintiff's second request claims that he just learned of jurisdictional flaws in these proceedings. *Id.* at 10. Further, he gestures at the existence of a vast and far-ranging conspiracy: the United States Courts of Appeals, ALJs, the Commissioner, "a lot" of States, and their lawyers are "stilling [sic] money from people's backpay." *Id.* Because he predicts this scheme "is all going to come out," he offers the Court a warning: "[I]f I was this Court I would reopen and give the case back to Judge Murray so he can do his job."

As is apparent from the above summary, Plaintiff's motion is baseless, frivolous,[7] and untimely, and accordingly is denied. First, Plaintiff's rambling assertions about jurisdiction are, to use his own words, "hog whash." (Doc. 23). This Court did not "take this case away" (Doc. 43, at 6) from Judge Murray: Judge Murray himself recommended that the case be transferred to the Southern District of Illinois, as venue was improper in the Southern District of Alabama. (*See* Doc. 6). That was proper under the law. *See* 28 U.S.C. § 1406(a). Further, Plaintiff had an opportunity to object to that transfer back in 2021 and failed to do so. (*See* Doc. 7). And this case is "said and done"—it was dismissed for Plaintiff's own failures to obey court orders and to prosecute his action. (Doc. 30). Prior to that dismissal, Plaintiff refused to amend his complaint to clarify even the most basic features of his claims. (Doc. 30). If Plaintiff is correct that jurisdiction properly lies in the Southern District of Alabama, he never provided this Court with the information necessary to make that determination. In sum, there is not even an arguable basis that Plaintiff would be entitled to have this case transferred to Alabama, even if it weren't already closed.

---

[7] *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining frivolousness as "lack[ing] an arguable basis either in law or in fact").

Second, Plaintiff's motions do not even come close to satisfying Rule 60(b) of the Federal Rules of Civil Procedure, which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "In addition to these grounds, a party may move for relief on the basis that judgment is void, satisfied, or vacated, or for 'any other reason that justifies relief.'" *Lammers v. State Farm Fire & Cas. Co.*, No. 87-CV-533, 2023 WL 4182101, at *1 (E.D. Wis. June 26, 2023) (quoting FED. R. CIV. P. 60(b)(6)) (citing FED. R. CIV. P. 60(b)(4)–(6)). This case was dismissed for Plaintiff's failures to obey court orders and to prosecute his action. Plaintiff offers nothing—not even the barest whisper or fragment—to suggest that his failures were the result of fraud or mistake, that he has newly discovered evidence of any relevance, or that the judgment was satisfied. The closest he comes to making a proper Rule 60(b) argument are his jurisdictional objections, which (as discussed above) are nonsensical. It should go without saying that the United States Courts are not colluding with SSA to deny backpay in some grand conspiracy, and Plaintiff's delusions to the contrary are not a "reason that justifies relief." FED. R. CIV. P. 60(b)(6).

Finally, even if Plaintiff's motion had *any* merit whatsoever, it is untimely. This case was closed more than three years ago; he is *far* outside the time limit for filing a motion to reopen the case under Rule 60. FED. R. CIV. P. 60(c)(1). Three years, in the absence of any attempt to explain the delay, is absolutely not a "reasonable time." *Id.*

Filing frivolous motions is not harmless: it wastes scant judicial resources and thus harms the administration of justice for others. Plaintiff was warned once before about filing motions seeking to reopen this case. (Doc. 41). This is his second and final warning. If Plaintiff

files any further motions to reopen this case that the Court finds to be frivolous, he will face sanctions, potentially including monetary penalties.

Plaintiff had his chance to litigate this case when he first brought it. Because he chose not to do so—and, in the process, chose to purposefully and willfully disobey this Court's orders—he cannot ask now for a second bite at the apple. Plaintiff's motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 10, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**